STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

June 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BOBBY C. CARPENTER,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1331**  (BOR Appeal No. 2045727)
                        (Claim No. 2008041233)

**INTERNATIONAL COAL GROUP, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Bobby C. Carpenter, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. International Coal Group, Inc., by George E. Roeder III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 26, 2011, in which the Board affirmed a March 2, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 28, 2010, decision granting Mr. Carpenter an 11% permanent partial disability award for carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Carpenter injured his wrist through repetitive movements while working for International Coal Group, Inc. The claim was held compensable for thenar atrophy and bilateral carpal tunnel syndrome. On January 28, 2010, the claims administrator granted Mr. Carpenter an 11% permanent partial disability award.

The Office of Judges affirmed the claims administrator's decision, and held that the 11% permanent partial disability award for residual impairment due to bilateral carpal tunnel

1

syndrome included the impairment related to the median nerve resulting in thenar atrophy. On appeal, Mr. Carpenter disagrees and asserts that thenar atrophy has been established in this claim as a separate diagnosis, and Dr. Poletajev is the only physician who appropriately rated the Mr. Carpenter for his bilateral carpal tunnel syndrome and his thenar atrophy and therefore, his report should be given greater evidentiary weight. International Coal Group maintains that the Board of Review was correct in affirming the Office of Judges' Order because thenar atrophy is a symptom of carpal tunnel syndrome, and therefore, to be in accordance with the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993), it should not be rated separate from carpal tunnel syndrome.

Dr. Polejatev calculated Mr. Carpenter as having 10% impairment for his right wrist, which he adjusted to 6% in accordance with West Virginia Code of State Rules § 85-20 (2006), and 10% impairment for thenar atrophy under range of motion test. Dr. Grady noted that the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) do not have a specific ratable criteria for thenar atrophy. He determined that Dr. Poletajev's impairment ratings for the diagnosis of thenar atrophy are duplicated in the impairment calculations for the decreased sensation of the left thumb which would be covered under the left hand median neuropathy utilizing carpal tunnel syndrome, for which he received the maximum statutory impairment rating. In Dr. Grady's September 28, 2010, letter, he rated Mr. Carpenter as having a 5% impairment for right carpal tunnel syndrome and a 6% impairment for left carpal tunnel syndrome. On December 17, 2010, Dr. Hennessey reviewed Mr. Carpenter's medical records and found he had 6% whole person impairment for his carpal tunnel syndrome. He opined that Dr. Poletajev, a chiropractor, erroneously rated the thenar weakness and atrophy. Dr. Hennessey stated that thenar is defined as the thumb, and he determined that Mr. Carpenter's thumb muscle has wasted away due to his carpal tunnel nerve not working properly. Therefore, he concluded that rating thenar atrophy separate from the carpal tunnel syndrome is rating the same condition twice because the left thenar atrophy is a manifestation of his severe carpal tunnel syndrome.

The Office of Judges concluded that Mr. Carpenter was entitled to an 11% permanent partial disability award for bilateral carpal tunnel syndrome. It noted that even though Dr. Poletajev adhered to the standards of the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) in the determination of impairment for carpal tunnel syndrome, he deviated from it when he did a separate evaluation for thenar atrophy. The Office of Judges further noted that Dr. Grady and Dr. Hennessey opined that Dr. Poletajev was duplicating impairment findings. Ultimately, the Office of Judges held that the evidence supported only the 11% permanent partial disability award. The Board of Review reached the same reasoned conclusions in its decision of August 26, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II